U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAY 17 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Richard A. Carlino | DOCKET NO. 1:05 CV 1389 |
| | SECTION P |
| VS. | JUDGE DRELL |
| Kary Beebe, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil action filed by *pro se* Plaintiff, **Richard A. Carlino**("Plaintiff"). Plaintiff was granted permission to proceed *in forma pauperis* on August 18, 2005. [Rec. Doc. 4] Plaintiff was incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. The plaintiff is no longer incarcerated and was released from custody on August 15, 2005.

The instant matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

### I. STATEMENT OF CLAIM

Plaintiff alleged his constitutional rights were violated when he was falsely arrested by four Alexandria Police Officers. The Plaintiff asserts the officers knowingly, intentionally, and willingly manufactured the circumstances for the arrest with the purpose of violating his civil rights. He was seeking compensatory damges for bail fees, attorney fees, loss of wages, and punitive damages for pain and suffering totaling an amount of at least

$500,000.

## II. PROCEDURAL HISTORY

Plaintiff filed his complaint on July 28, 2005. [Doc. 1]. The plaintiff was ordered to amend his complaint on October 5, 2005.

As of the date of this report and recommendation, Plaintiff has failed to comply with the undersigned's order to amend his complaint.

## III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), failure to prosecute or comply with an order of the court, by a Plaintiff, is ground for dismissal of an action. An involuntary dismissal pursuant to Fed.R.Civ.P 41(b) "may be made by the court *sua sponte* for lack of prosecution by a party and is deemed an inherent power within the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of the cases." Link v. Wabash Railroad Co., 370 U.S.626, 82 S.Ct. 1386, 8 L.Ed.2d 734(1962). *See also*, Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); Boudwin v. Graystone Ins. CO., Ltd., 756 F.2d 399, 401 (5th Cir 1985).

**Based upon the foregoing,**

**IT IS RECOMMENDED** that the instant civil rights action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P.41(b).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have

**ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).